**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| AMY KREKELER-WEBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.:  4:23-cv-00662 |
| | ) |
| BI-STATE DEVELOPMENT AGENCY, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW Defendant Bi-State Development Agency ("Defendant Bi-State"), through its undersigned counsel, and herewith files its Answer to Plaintiff's Complaint.

1. Defendant Bi-State admits the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant Bi-State admits the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant Bi-State admits the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant Bi-State admits the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant Bi-State admits that in instances where a claim for relief is stated under Title VII of the Civil Rights Act, jurisdiction and venue in this Court are appropriate, but denies such a claim has been established in the Complaint.

6. Defendant Bi-State admits Plaintiff began her employment in 2005 and admits the description of her duties set forth in Paragraph 6 of the Complaint accurately portrays some of her job duties for the organization. Defendant denies the remaining allegations of Paragraph 6 as Plaintiff was appointed to the position of acting EEO Director on November 30, 2020.

7. Defendant Bi-State denies the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant Bi-State admits the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant Bi-State denies the allegations set forth in Paragraph 8 of the Complaint.

10. Defendant Bi-State denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant Bi-State denies the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant Bi-State denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant Bi-State denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant Bi-State admits that Plaintiff interviewed and was selected for the position of EEO Manager as set forth in Paragraph 14 of the Complaint, but denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15. Defendant Bi-State denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant Bi-State denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant Bi-State admits the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant Bi-State denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant Bi-State denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant Bi-State denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant Bi-State denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant Bi-State denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant Bi-State denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant Bi-State denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant Bi-State denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant Bi-State denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant Bi-State denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant Bi-State admits the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant Bi-State admits the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant Bi-State denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant Bi-State denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant Bi-State denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant Bi-State denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant Bi-State denies the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant Bi-State denies all allegations in the Complaint not previously admitted herein.

36. Defendant Bi-State denies all requests for relief set forth in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

All or part of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent Plaintiff's allegations in the Complaint exceed or are not included in the allegations contained within a timely filed administrative charge of discrimination, Plaintiff has failed to exhaust her administrative remedies and the Court does not have jurisdiction over such claims.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part to the extent they are asserted beyond the relevant statute of limitations.

**FOURTH DEFENSE**

Any action by Defendant Bi-State toward Plaintiff was for lawful, legitimate, non-discriminatory business reasons unrelated to Plaintiff's race.

**FIFTH DEFENSE**

At all times relevant hereto, Defendant Bi-State acted in good faith with regard to Plaintiff, had reasonable grounds for believing its actions were not in violation of applicable law, and would have made the same decisions regardless of Plaintiff's race.

**SIXTH DEFENSE**

Plaintiff's damages, if any, must be offset for failing to be available for work, by failing to actively and earnestly search for work, and by foregoing wages and benefits which could have been earned with reasonable diligence.  This Defense is raised in anticipation of discovery of evidence of lack of mitigation and is pleaded so as not to waive this Defense and in the event front pay or back pay is characterized as equitable relief.

**SEVENTH DEFENSE**

Plaintiff cannot allege or establish sufficient facts to permit or entitle her to recover punitive damages and any award of punitive damages would violate Defendant Bi-State's rights under the United States Constitution, including without limitation, the Due Process Clause, the Takings Clause and/or the Equal Protection Clause and the Missouri Constitution. Plaintiff has not alleged nor can she establish sufficient facts to constitutionally permit or entitle her to recover punitive damages.  Defendant Bi-State always acted in a good faith, non-retaliatory manner in connection with its treatment of Plaintiff.  This Defense is raised in anticipation of discovery showing lack of evil motive or reckless disregard for Plaintiff's rights and is pleaded so as not to waive this Defense.

**EIGHTH DEFENSE**

Plaintiff's prayer for equitable remedies, if any, is not triable to a jury.

**NINTH DEFENSE**

Plaintiff is not entitled to relief inasmuch as any damages allegedly suffered or experienced were due, either in whole or in part, to Plaintiff's own conduct and actions.

**TENTH DEFENSE**

All or part of Plaintiff's claims against Defendant Bi-State are barred by the equitable doctrines of laches, waiver and/or estoppel.

**ELEVENTH DEFENSE**

Plaintiff's damages, if any, should be barred under the after-acquired evidence doctrine in the event that Defendant Bi-State learns information concerning Plaintiff that would have otherwise resulted in the same decision(s) being made regarding Plaintiff's employment.

**TWELFTH DEFENSE**

Defendant Bi-State promulgated, communicated, administered and enforced an effective Harassment Policy.

**THIRTEENTH DEFENSE**

Plaintiff did not report any allegations or claim of harassment in accordance with the Harassment Policy, and/or upon report, Defendant Bi-State investigated same and took prompt, effective remedial action.

**FOURTEENTH DEFENSE**

Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant Bi-State or to avoid harm otherwise.

**FIFTEENTH DEFENSE**

To the extent any employee, manager, supervisor, director, officer, or agent of Defendant Bi-State engaged in any harassing, discriminatory, or otherwise unlawful conduct as alleged in Plaintiff's Complaint, such actions were outside the scope and course of his/her employment, were not in furtherance of Defendant Bi-State's business, were in direct contravention of Defendant Bi-State's policies, and occurred without the consent or ratification of Defendant Bi-State.

**SIXTEENTH DEFENSE**

Defendant Bi-State exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

**SEVENTEENTH DEFENSE**

Defendant Bi-State asserts its rights and requests a bifurcated trial with respect to Plaintiff's allegations and prayer for punitive damages.

**ADDITIONAL DEFENSES**

Defendant Bi-State reserves the right to amend its answers and to add additional defenses as Plaintiff's claims are more fully disclosed in the course of this litigation.

Respectfully submitted,

McMAHON BERGER, P.C.

/s/ *Stephen B. Maule*
James N. Foster, Jr., ARN 28231MO
Stephen B. Maule, ARN 44209MO
2730 North Ballas Road, Suite 200
P.O. Box 31901
St. Louis, MO  63131-3039
(314) 567-7350 - Telephone
(314) 567-5968 - Facsimile
foster@mcmahonberger.com
maule@mcmahonberger.com
*Attorneys for Defendant*

7

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 11th day of July, 2023, a copy of the foregoing was served via the Court's electronic filing system, addressed as follows:

Jerome J. Dobson
Adam D. Rosenberg
Dobson, Berns & Rich, LLP
5017 Washington Place, Suite 300
St. Louis, MO 63108
jdobson@dbrstl.com
arosenberg@dbrstl.com

                /s/ *Stephen B. Maule*